Vilson JAKAJ and Renata
Jakaj, Petitioners,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General Alberto
R. Gonzales,[1] Respondent.

Nos. 03–4802–AG(L), 03–4804–AG(CON).

United States Court of Appeals,
Second Circuit.

Jan. 24, 2006.

Bruno Joseph Bembi, Hempstead, New
York, for Petitioner.

David N. Kelley, United States Attorney
for the Southern District of New York,
Jacqueline D. Novas, Assistant United
States Attorney for the District of Puerto

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Rico, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Vilson Jakaj and Renata Jakaj, through counsel, petition for review of the BIA decision affirming an immigration judge's ("IJ") denial of their claim for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision directly where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). The IJ's factual findings, including adverse credibility determinations, are reviewed under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ Jakaj did not argue to the BIA that the IJ ignored his ethnicity claim, and this Court cannot review issues that were not previously raised to the BIA. *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004). Moreover, Jakaj's argument that the IJ completely failed to discuss one of his claims is not a subsidiary legal argument that would fall into an exception to the statutory exhaustion requirements. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Accordingly, this Court will review only whether the IJ properly determined that Jakaj's well-founded fear of persecution was rebutted by changed country conditions and whether the IJ's adverse credibility finding regarding Jakaj's religious persecution claim is supported by substantial evidence.

■ The IJ's finding that country conditions had changed is supported by the record, and this Court is not in a position to overturn that finding. The reports in the record on the amnesty law explain that individuals who refused to take up arms, failed to respond to draft notices, avoided military service, or left the military without authorization would be eligible for the amnesty. Moreover, both parties agreed to administrative notice of the fact that Slobodan Milosevic is no longer in power. Milosevic, who was President of Yugoslavia when the human rights violations against ethnic Albanians were at their worst, is currently being tried by an international tribunal for many of those alleged violations. The IJ's reliance on the newspaper articles discussing the changes in former Yugoslavia was proper as they were recent and best reflected the situation in Kosovo at the time of the hearing. Lastly, the IJ relied on various newspaper articles in the record in finding that Jakaj's fear of persecution on account of his political opinion was no longer well-founded because the Democratic League of Kosovo, the political party in which Jakaj was an active member, was successful in 2001 elections.

■ The IJ denied Jakaj's religious persecution claim on the grounds that he did not provide credible testimony regarding

this claim; specifically, the IJ found that Jakaj's testimony conflicted with the Department of State report regarding persecution against Catholics in Kosovo. During the hearing, the IJ noted that the country reports submitted into evidence did not provide any information regarding persecution against Catholics. Jakaj explained that those incidents are not in the reports because the government prevents that information from being published. The IJ rejected this explanation and found that Jakaj was not credible regarding his religious persecution claim.

If an explanation is provided for inconsistencies in testimony and other documents, an IJ must address and consider them. *Cao He Lin v. Gonzales,* 428 F.3d 391, 403 (2d Cir.2005) (citing *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149–50 (2d Cir. 2003)). If an IJ determines that the explanations were not sufficient to overcome the inconsistencies, this Court can overturn the IJ's determination only if a reasonable fact-finder would have been compelled to credit the explanation. *Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005) (citing *Zhou Yun Zhang,* 386 F.3d at 76). Although an IJ should be cautious about relying too heavily on the State Department reports, an IJ can consider them as long as she also considers contradictory documents submitted by the alien. *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). In this case, Jakaj did not submit any documentary evidence that the government persecutes individuals in Kosovo on account of their Catholic religion. Moreover, because there was no competing documentary evidence, the IJ did not err when she used the Department of State Report as probative evidence. *Cf. Yan Chen v. Gonzales,* 417 F.3d 268, 274–75 (2d Cir.2005). The IJ's rejection of Jakaj's explanation for inconsistencies between his testimony and the Department of State Report is supported by substantial evidence and does not compel an alternative result.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).